# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:12CR00015 |
| v. ) | **OPINION** |
| ) | |
| **LARRY RAY JOHNSON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Larry Ray Johnson, Pro Se Defendant.*

In this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2013), defendant Larry Ray Johnson, proceeding pro se, alleges constitutional deficiencies related to his trial. Because Johnson has not yet been sentenced and no final judgment has been entered against him at this time, his § 2255 motion must be dismissed without prejudice as premature.

A grand jury of this court returned a nine-count Indictment charging that Johnson had mailed threatening letters to others through the United States Postal Service. After Johnson's arrest, the court ordered that Johnson be committed for psychiatric testing to ensure that he was competent to stand trial. Ultimately, after conducting a competency hearing, the court ruled that Johnson was competent. Johnson pleaded not guilty to all counts, stood trial before a jury on April 3, 2013, and was found guilty. Johnson is scheduled to be sentenced on July 9, 2013.

On May 8, 2013, the court received Johnson's § 2255 motion, dated May 5, 2013. Liberally construed, Johnson's motion alleges that his trial counsel provided ineffective assistance in failing to appeal, failing to allow him to pursue an insanity defense, denying him access to discovery, failing to respond to letters and to provide copies of trial transcripts in a prior state court case, failing to impeach government witnesses, failing to subpoena video footage relevant to Johnson's defense, and performing a superficial investigation. Johnson seeks a new trial.

"Section 2255 commands that [the sentencing court] provide relief to a habeas petitioner when his 'sentence was imposed in violation of the Constitution.'" *United States v. Linder*, 561 F.3d 339, 342 (4th Cir. 2009) (quoting § 2255(a)). Because Johnson has not been sentenced, § 2255 provides him no avenue for relief at this time. Therefore, I will deny his § 2255 motion without prejudice as premature.

A separate Final Order will be entered herewith.

            DATED: May 21, 2013

            /s/ James P. Jones
            United States District Judge