Case 2:12-cr-00015-JPJ-PMS   Document 177   Filed 07/23/25   Page 1 of 5
                                 Pageid#: 906

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

July 23, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:12CR00015 |
| v. ) | OPINION |
| ) | |
| LARRY RAY JOHNSON, ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Larry Ray Johnson, Pro Se Defendant.*

The defendant, previously sentenced by this court, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Johnson is challenging the validity of his confinement pursuant to a judgment of this court. Upon consideration of the § 2255 motion and the record, I conclude that the action must be summarily dismissed as untimely filed.[1]

After a two-day trial, on April 4, 2013, a jury found Johnson guilty of eight counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). While incarcerated in a state prison, Johnson mailed "graphically violent, threatening letters to various public officials between 2007 and 2010." *United States*

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the defendant's submissions and the record of prior court proceedings that he is not entitled to relief.

*v. Johnson*, 583 F. App'x 62, 63 (4th Cir. 2014) (unpublished) (affirming judgment). I sentenced Johnson to a total of 240 months imprisonment on these convictions, which was above the Sentencing Guidelines range of 78-97 months. On his appeal, the court of appeals found that Johnson had failed to show that his sentence was objectively unreasonable because "the district court clearly and adequately explained its reasoning for the higher sentence," "identified the relevant § 3553(a) factors underlying its decision and explained the reasoning for a sentence significantly above the Guidelines range." *Id.* at 65. Johnson did not petition the Supreme Court for a writ of certiorari.

Johnson signed and dated his current § 2255 motion on February 24, 2024. He alleges that counsel provided ineffective assistance; that the jury did not hear evidence of the harsh conditions under which Johnson was confined; that the upward departure at sentencing was based on facts not heard by the jury; and that the district court had no jurisdiction because the recipients of the threatening communications were state officials, not federal officials. The court filed the § 2255 motion conditionally, notified Johnson that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. He has filed a supplemental brief in response, asserting that his claims should be considered on the merits.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

    (1)  the date on which the judgment of conviction becomes final;

    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Once the court of appeals issues its judgment regarding a defendant's direct appeal, for purposes of calculations under § 2255(f)(1), that Judgment becomes final ninety days later when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527 (2003).  If the district court gives the defendant notice that the § 2255 motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the court may summarily dismiss the motion. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

The court of appeals entered the judgment affirming Johnson's convictions and sentence on September 3, 2014.  Because he did not petition for certiorari, his

judgment became final on December 2, 2014, when his opportunity to file a certiorari petition expired. *Id.* He then had one year — until December 2, 2015 — to file a timely § 2255 motion. He filed his § 2255 motion, at the earliest, on February 24, 2024, nearly ten years after his judgment became final for purposes of § 2255(f).[2] Johnson fails to state any facts showing that the deadline for him to file a timely § 2255 should be calculated under any of the other subsections of § 2255(f). Similarly, he fails to show any basis for equitable tolling of the federal filing deadline. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding that equitable tolling requires showing of due diligence and "some extraordinary circumstance" that prevented timely filing). Rather, Johnson's timeliness arguments merely restate the claims he alleges in the untimely § 2255.

In conclusion, Johnson failed to file his § 2255 motion within one year of the date on which the criminal Judgment became final, and he shows no other basis for finding his motion to be timely filed under § 2255(f) or to be considered on the

---

[2] A prisoner's § 2255 motion is considered filed on the date he delivered the document to prison officials for mailing, rather than the date on which the district court received it. *United States v. Burl*, 81 F. App'x 443 (4th Cir. 2003) (unpublished). For purposes of this Opinion, I will assume that Johnson delivered his § 2255 motion to prison officials for mailing on the day that he dated and signed the motion.

merits for equitable reasons. Accordingly, I will summarily dismiss his § 2255 motion as untimely filed.[3]

A separate Final Order will be entered herewith.

DATED: July 23, 2025

/s/ JAMES P. JONES
Senior United States District Judge

---

[3] Johnson has filed in this criminal case a Motion for Voluntary Dismissal without Prejudice, ECF No. 176, but he does not reference the present § 2255 motion. Because he has filed several post-conviction motions, including a prior § 2255 motion that he also moved to dismiss, ECF No. 157, I will deny the motion, assuming it refers to the latest § 2255 motion.